IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas David Wineinger,  Case No. 3:12 CV 2976

                Petitioner,  MEMORANDUM OPINION
                                              AND ORDER

     -vs-
                                               JUDGE JACK ZOUHARY

Warden, FCI Elkton,

                Respondent.

### INTRODUCTION

*Pro se* Petitioner Thomas David Wineinger filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in December 2012 (Doc. 1). In February 2013, he filed a Motion for Expedited Consideration (Doc. 4). Petitioner, who was in federal custody at the Federal Correctional Institution in Elkton, Ohio ("FCI-Elkton") when he filed this Petition, names the FCI-Elkton Warden as Respondent. (He has since been assigned to CCM-Cincinnati, with a projected release date in August 2013. *See* Bureau of Prisons Inmate Locator, Register No. 56684-060, *available at* http://www.bop.gov/iloc2/LocateInmate.jsp (last visited May 10, 2013).) Petitioner alleges the Bureau of Prisons is denying him credit on his thirty-month sentence for time he spent on conditional release pending trial and for the time he spent on house arrest before reporting to prison. He seeks credit of 223 days toward his sentence. For the reasons set forth below, the Petition is denied.

## BACKGROUND

A five-count Information was filed against Petitioner in this Court on December 28, 2010. After his arrest, a Magistrate Judge conducted a Detention Hearing on January 13, 2011 and authorized Petitioner to be released on a $175,000 property bond when Pretrial Services was prepared to accommodate all the conditions of release. Petitioner posted bond the same day and was released to the Compass drug rehabilitation program. He alleges the drug rehabilitation program was housed in the annex of the Cuyahoga County jail. Petitioner attended the treatment program from January 18, 2011 until he appeared in this Court on February 22, 2011 for a change of plea hearing.

Petitioner claims the time he spent in the drug rehabilitation program should be considered "official detention" and credited toward his sentence. He alleges conditions in the drug rehabilitation program were more restrictive than those to which detainees in the county jail are subjected. Although he was released on bond, he asserts he was not permitted to leave or move freely around the facility, and was denied recreation privileges. He reasons that if detention in the county jail would be considered "official detention," then his time in the jail annex for the drug rehabilitation program also should be considered "official detention" and should be credited toward his federal sentence.

Petitioner appeared before this Court for a change of plea hearing on February 22, 2011. He entered a plea of guilty to Counts One through Five of the Information and was sentenced to thirty months imprisonment on June 20, 2011. Petitioner was conditionally released on bond and placed under house arrest from the date of the change of plea hearing until he reported to FCI-Elkton on August 24, 2011.

Petitioner contends he also should receive credit toward his sentence for the time he spent on house arrest between February and August 2011. He indicates house arrest restricted his freedom of movement because he was required to wear a GPS tether at all times and was required to reside with his sister rather than in his own home. As a condition of his release, he was required to be supervised constantly by a relative, and could not leave his sister's residence unless he was going to his doctor's office, court, Alcoholics Anonymous, or to meet his probation officer. He asserts these conditions severely restricted his liberty and should be considered "official" detention.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

**DISCUSSION**

Petitioner seeks credit on his federal sentence for time he spent in a drug rehabilitation program prior to trial and for time he spent on house arrest after his conviction but prior to the date he reported to prison. Once a defendant is sentenced in federal court, the Attorney General, through the Bureau of Prisons ("BOP"), is responsible for administering the sentence. *See* 18 U.S.C. § 3621(a). To compute a federal sentence, the BOP must first determine its commencement date. By statute, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not commence until a prisoner is actually received into federal custody solely for that purpose. *Gonzalez v. Rushing*, 2012 WL 2127728 (N.D. Ohio 2012).

The BOP then must apply any jail-time credit to which the offender may be entitled under 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The issue in this case is whether the time Petitioner spent in the drug rehabilitation facility while out on bond, and the time he spent on bond under house arrest, qualify as "official detention." For the reasons detailed below, they do not.

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, authorizes federal courts to impose presentence restraints on a defendant's liberty. *See* 18 U.S.C. § 3142(a) (authorizing courts to impose restraints on the defendant "pending trial"); 18 U.S.C. § 3143(a) (authorizing courts to impose restraints while the defendant "is waiting imposition or execution of sentence"). Therefore, when Petitioner appeared before this Court at his bond hearing, the Magistrate Judge had the option to order his continued detention without bail, or to release him subject to a number of restrictive conditions, including residence in a community treatment center, or house arrest. *See* 18 U.S.C. §§ 3142(c)(1)(B)(i), (x), and (xiv).

The Supreme Court clarified that once a defendant, like Petitioner, is "admitted to bail, even on restrictive conditions," he is "released" and not officially detained for purposes of 18 U.S.C. § 3538(b). *Reno v. Koray*, 515 U.S. 50, 51 (1995). The Court recognized "a defendant 'released' to a community treatment center could be subject to restraints which do not materially differ from those imposed on a 'detained' defendant committed to the custody of the Attorney General . . . ." *Id.* at 62–63. However, the Court determined there is a significant distinction between defendants released on bail, and those committed to the custody of the Attorney General because detained defendants always remain subject to the control of the BOP and are subject to the BOP's disciplinary procedures, summary reassignment to another correctional facility, and complete discretion to control many conditions of confinement. *Id.* at 63.

Here, Petitioner was released on bond pending trial, a condition of which required him to take part in a residential drug rehabilitation program housed in an annex of the Cuyahoga County jail. In arguing this arrangement should be considered "official detention," Petitioner focuses on the nature of his living situation, rather than under whose control he was subject at the time. He maintains he

was in the main part of the jail while he was being detained, and merely transferred to the jail annex when he was released on bond to the treatment program. But Petitioner's reading of "official detention" ignores the critical distinction between defendants who are "detained" and defendants who are "released" on bail. Without reservation, the former are always subject to BOP control. Petitioner was not under BOP control once he was released on bail. Restrictive conditions notwithstanding, Petitioner was not in "official detention" while he was in the Compass treatment program and is not entitled to credit under Section 3585.

Similarly, Petitioner is not entitled to credit toward his sentence for the time he spent on house arrest after his conviction but prior to reporting to prison. He claims he was not permitted to return home but rather was compelled to reside with his sister, and indicates he was required to wear a GPS monitor and only permitted to leave the house for specific purposes. While release on house arrest is more restrictive than release without conditions, it is not considered "official detention." The plain meaning of the term "detention," as used in Section 3585, excludes pretrial and post-trial release subject to house arrest under circumstances where the defendant is not within the custody of the Attorney General or the United States Marshal. *Cofield v. Ne. Ohio Corr. Ctr.*, 2007 WL 1974849, at *3 (N.D. Ohio 2007); *Medina v. Clark,* 791 F. Supp. 194, 196–97 (W.D. Tenn. 1992). Petitioner's terms of release are not of the type usually associated with official detention, and Petitioner was not in the custody of the Attorney General while he was under house arrest. Therefore, the statute precludes sentence credits for restrictive release.

**CONCLUSION**

For the foregoing reasons, the Petition (Doc. 1) is denied pursuant to 28 U.S.C. § 2243, and his Motion for Expedited Consideration (Doc. 4) is denied as moot. Further, this Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

       s/ *Jack Zouhary*
JACK ZOUHARY
U.S. DISTRICT JUDGE

May 14, 2013